IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SDI TECHNOLOGIES, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>BOSE CORPORATION,<br><br>　　　　　　　　　Defendant. | C.A. No. 11-1127-GMS<br><br>JURY TRIAL DEMANDED |

## BOSE CORPORATION'S ANSWER TO SDI TECHNOLOGIES INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant, Bose Corporation ("Bose"), by its attorneys, Fish & Richardson P.C., hereby sets forth its Answer, Defenses, and Counterclaims to Plaintiff SDI Technologies, Inc.'s ("SDI") Complaint for Patent Infringement ("Complaint"). Bose denies the allegations and characterizations in SDI's Complaint unless expressly admitted in the following paragraphs:

### PARTIES, JURISDICTION, AND VENUE

1.　　Upon information and belief, Bose admits the allegations set forth in paragraph 1 of the Complaint.

2.　　Admitted.

3.　　Bose admits that the Complaint purports to state claims of patent infringement that arise under the patent laws of the United States, Title 35 of the United States Code. Bose admits the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Bose denies the remaining allegations of paragraph 3 of the Complaint.

4.      Bose admits that it resides in this judicial district. For purposes of this matter, Bose admits that venue is proper in the District of Delaware. Bose denies that it has committed any acts of infringement within this or any other district and denies any remaining allegations of paragraph 4.

5.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, and therefore denies them.

6.      Bose admits that United States Patent No. 7,738,247 ("the '247 patent"), entitled "Removable and Replaceable Docking Unit," appears on its face to have been assigned to SDI. Bose admits that the '247 patent appears on its face to have been issued to Thomas Choi on June 15, 2010, and that a copy of the '247 patent is attached as Exhibit A to the Complaint. Bose is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6, and therefore denies them.

7.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, and therefore denies them.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,738,247

8.      Bose realleges and incorporates by reference its answers set forth in paragraphs 1–7 as if fully set forth herein.

9.      Bose admits that it manufactures and sells consumer electronics, including a remote-controlled speaker system known as the SoundDock 10 digital music system. Except as

expressly admitted herein, Bose denies each and every allegation of paragraph 9 of the Complaint.

10. Bose denies the allegations set forth in paragraph 10 of the Complaint.

11. Bose denies the allegations set forth in paragraph 11 of the Complaint.

## PRAYER FOR RELIEF

Bose requests that the Court deny all relief to SDI, including that requested by SDI in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

12. Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that Bose must necessarily plead any of the following as an affirmative defense or that Bose necessarily bears the burden of persuasion for any of the following, Bose asserts the following defenses against SDI's assertion of infringement of the '247 patent. In addition to the affirmative defenses set forth below, Bose reserves the right to amend its Answer to add additional affirmative defenses, including claims of inequitable conduct, consistent with the facts discovered in this case.

### First Affirmative Defense
### (Failure to State a Claim)

13. The Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

### (Non-Infringement)

14. Bose does not infringe and has not infringed any claim of the '247 patent under any theory, including directly (either literally or under the doctrine of equivalents) or indirectly (whether contributorily or by inducement), and is not liable for infringement of any claim of the '247 patent.

## Third Affirmative Defense

### (Invalidity)

15. The claims of the '247 patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112, as well as relevant provisions governing proceedings before the United States Patent and Trademark Office.

## Fourth Affirmative Defense

### (Limitation on Damages and Costs)

16. SDI's claims for relief are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## Fifth Affirmative Defense

### (Prosecution History Estoppel)

17. SDI is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the '247 patent, from asserting any interpretation of any valid, enforceable claims of the '247 patent that would be broad enough to

cover any Bose products or services alleged to infringe the '247 patent, either literally or by application of the doctrine of equivalents.

**Sixth Affirmative Defense**

**(Equitable Defenses)**

18. SDI is barred from obtaining any relief under the equitable doctrines of laches, prosecution laches, waiver, unclean hands, exhaustion, estoppel, and/or equitable estoppel.

**Seventh Affirmative Defense**

**(No Injunction or Enhanced Damages)**

19. SDI is not entitled to injunctive relief or enhanced damages because it has failed to plead the required elements for such relief, and because SDI has an adequate remedy at law for any alleged injury.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Bose asserts Counterclaims for a declaratory judgment of non-infringement and/or invalidity of United States Patent No. 7,738,247 ("the '247 patent"). Bose reserves the right to further amend its Counterclaims consistent with the facts discovered in the case. Bose, for its Counterclaims, alleges as follows:

## THE PARTIES

1. Bose Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at The Mountain, Framingham, MA.

2. Upon information and belief, SDI Technologies, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1299 Main Street, Rahway, NJ.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2201.

4. This Court has personal jurisdiction over SDI because SDI has submitted to the Court's jurisdiction by filing its Complaint for Patent Infringement against Bose. This Court also has personal jurisdiction over SDI under 28 U.S.C. § 1391(b) and (c).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), and by virtue of SDI's admissions in the Complaint that venue is proper in this district.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '247 Patent)

6.    Bose realleges and incorporates by reference its allegations in paragraphs 1–5 of its Counterclaims.

7.    An actual case or controversy exists between Bose and SDI as to whether the '247 patent is infringed by Bose.

8.    A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '247 patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Bose requests a declaration by the Court that it does not infringe any claim of the '247 patent under any theory, including directly (either literally or under the doctrine of equivalents) or indirectly (whether contributorily or by inducement).

## COUNT II

### (Declaratory Judgment of Invalidity of the '247 Patent)

9.    Bose realleges and incorporates by reference its allegations in paragraphs 1–8 of its Counterclaims.

10.    An actual case or controversy exists between Bose and SDI as to the validity of the claims of the '247 patent.

11.    A judicial declaration is necessary and appropriate so that Bose may ascertain its rights regarding the '247 patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Bose requests a declaration by the Court that each claim of the '247 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of

the United States Code, including without limitation §§ 101, 102, 103, and/or 112, as well as relevant provisions governing proceedings before the United States Patent and Trademark Office.

## PRAYER FOR RELIEF

WHEREFORE, Bose prays for the following relief:

a) A judgment dismissing SDI's Complaint against Bose with prejudice;

b) That judgment be entered in favor of Bose;

c) A judgment declaring that Bose has not infringed any valid and enforceable claim of the '247 patent;

d) A judgment declaring that the '247 patent is invalid;

e) A judgment decreeing this case an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Bose its costs and reasonable attorneys' fees to the extent permitted by law; and

f) For such other and further equitable or legal relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Bose hereby demands trial by jury for all issues so triable in connection with both SDI's Complaint and Bose's Defenses and Counterclaims.

Dated: December 21, 2011

                    **FISH & RICHARDSON P.C.**

By: */s/ Santosh V. Coutinho*
     Santosh V. Coutinho (#5470)
     222 Delaware Avenue, 17th Floor
     P.O. Box 1114
     Wilmington, DE 19899-1114
     Telephone: (302) 652-5070
     *coutinho@fr.com*

*Attorneys for Defendant*
*Bose Corporation*